Byron D. Shultz and Others, Appellants, *v.* Manufacturers and Traders Trust Company, Respondent.
(Consolidated Action.)

Fourth Department, May 4, 1938.

*Albrecht, Maguire & Mills* [*C. DeForest Cummings* of counsel], for the appellants.

*Locke, Babcock, Hollister & Brown* [*Louis L. Babcock* of counsel; *Franklin R. Brown* and *Noel S. Symons* with him on the brief], for the respondent.

*Jules C. Randal* and *David C. Adams,* for the Estate of Albert B. Shultz, *amicus curiæ.*

Per Curiam. On a previous appeal in this case (249 App. Div. 88) we held that the instrument of September 26, 1928, was ambiguous and that plaintiffs had a right to introduce evidence to resolve the ambiguity and the case was sent back for a new trial. On the retrial the court received evidence relative to the ambiguity. On this proof we regard the instrument as a form of agency and the option provision as an incident to facilitate a sale and that

it did not confer on the defendant the right to purchase the stock. (*Greenough* v. *Willcox*, 238 Mich. 52; 213 N. W. 175, 177.) At the close of the evidence, the court directed a verdict for defendant dismissing the complaint on the merits. From the judgment entered on this verdict plaintiffs have appealed and we are to determine the correctness of this ruling.

To recover, the plaintiffs had to establish (a) that the instrument of September 26, 1928, was a form of agency and not an option, and (b) that the defendant, not Frederick B. Cooley, a director of the defendant, was the actual purchaser of plaintiffs' stock. Plaintiffs established the first proposition but they failed to sustain the second proposition. True, the defendant informed the plaintiffs it had sold their stock to the New York Car Wheel Company, which was not true, but plaintiffs were not damaged by the misrepresentation. This false report casts suspicion on the transaction but suspicion is not proof. Plaintiffs called the president of the defendant as their witness and thereby vouched for his credibility. His testimony and the testimony of the plaintiffs themselves established that the sale to Frederick B. Cooley was a *bona fide* transaction. The fact that a syndicate was formed, that certain officers of the defendant were interested therein does not impeach the sale to Cooley. The fact that the syndicate sold the Houde Engineering Company stock to Harris-Small & Company for $2,000,000 more than Cooley paid for it does not impeach either the sale to Cooley, the sale by Cooley to the syndicate or the sale by the syndicate to Harris-Small & Company, especially since there is not the slightest evidence, either from Harris-Small & Company or from any other source, that the defendant, Cooley or the syndicate had in mind a sale of the stock to Harris-Small & Company or to any one else at the time Cooley purchased it. Any claim to the contrary is sheer assumption and speculation.

The cause of action set forth in the amended complaint is essentially the same as that contained in the original complaints. We disagree with the contrary view as expressed on the trial by the learned trial justice. We think, nevertheless, there was no question for the jury and that the direction of a verdict for the defendant dismissing the complaint upon the merits was proper.

All concur, except CUNNINGHAM, J., who dissents and votes for reversal and for granting a new trial, and SEARS, P. J., not voting. Present — SEARS, P. J., LEWIS, CUNNINGHAM, TAYLOR and DOWLING, JJ.

Judgment affirmed, with costs. Motion to expunge brief of *amicus curiæ* denied.